for sanctions against Chen for his conduct before this court.

**AFFIRMED.**

RYMER, Circuit Judge, concurring in the judgment.

I would dismiss the appeal as Cables, a California corporation suspended under Cal. Rev. & Tax.Code § 23301, lacks the capacity to prosecute this appeal. *Christian & Porter Aluminum Co. v. Titus*, 584 F.2d 326, 331 (9th Cir.1978); Fed.R.Civ.P. 17(b). *See also Grell v. Laci Le Beau Corp.*, 72 Cal.App.4th 1300, 1306, 85 Cal. Rptr.2d 768 (1999).

But if the appeal is not dismissed, then I would also issue an order to show cause why sanctions should not be imposed for a frivolous appeal.

**Philip Dean FRY, Petitioner— Appellant,**

v.

**Ernest C. ROE, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 02–57081.

D.C. No. CV–97–09140–CAS(CW).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided Feb. 18, 2004.

Tina Long Rippy, Esq. Whittier, CA, for Petitioner–Appellant.

Philip Dean Fry, San Diego, CA, Pro Se.

Adrianne S. Denault, DAG, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before WALLACE, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM *

Petitioner Philip Fry appeals from a district court order denying his petition for writ of habeas corpus following his conviction in California state court for, *inter alia,* first-degree murder.

▪ Fry contends that he is entitled to habeas relief on the ground that his *Miranda* rights were violated by the admission of his videotaped confession. Such a violation warrants habeas relief only where the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), *quoting Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). While his rights unquestionably were aggrieved by the authorities' clandestine tactics, the jury's access to his identical confession to Jackson and Brown militates against the conclusion that the videotape had a "substantial and injurious effect" on their verdict. Thus, habeas relief is unwarranted.

▪ Fry argues that habeas relief is appropriate based on the ineffective assistance rendered by his counsel, who failed to object to the testimony of a government informant. Habeas relief may lie for ineffective assistance if Fry demonstrates that

his attorney's conduct fell "outside the wide range of professionally competent assistance," and that there is a "probability[,] sufficient to undermine confidence in the outcome," that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Fry has not met either criterion. Inasmuch as "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," we are not at liberty to take issue retrospectively with the strategic decision made by defense counsel to challenge the testimony of the informant holistically based on its internal inconsistencies. *Id.* at 689. Moreover, the fact that Fry admittedly confessed the most damning elements of his crime to the informant prior to the jailhouse ruse convinces us that the state court did not unreasonably apply *Strickland* in concluding that Fry could not demonstrate prejudice.

Fry maintains that habeas relief is warranted on the ground that the state court improperly admitted evidence of his initial meeting with his victim in the Orange County jail. However, because "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990), this alleged error cannot constitute the basis for habeas relief.

Finally, Fry contends that the cumulative effect of the errors committed rendered his trial so fundamentally unfair that it deprived him of due process. The evidence arrayed against Fry by the prosecution was voluminous, and the state court's conclusion that the cumulative effect of the trial errors did not undermine confidence in the outcome of the trial was neither

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"contrary to," nor an "unreasonable application of" controlling federal law. 28 U.S.C. § 2254(d)(1).

AFFIRMED.